UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIA HOFMANN, an individual and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>DUTCH LLC, a California Limited Liability Company; and DOES 1 through 100, inclusive,<br><br>          Defendant. | Case No.: 3:14-cv-02418-GPC-JLB<br><br>**ORDER DENYING SECOND MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT**<br><br>[ECF No. 38] |

  Before the Court is Plaintiff's Second Motion for Preliminary Approval of Class Settlement. ECF No. 38.

  On June 23, 2016, the Court denied Plaintiff's initial Motion for Preliminary Approval of Class Settlement. ECF No. 37. The initial proposed settlement provided for: (1) $20 e-gift certificates for the plaintiff class; (2) $250,000 in *cy pres* awards; and (3) up to $175,000.00 in plaintiff's attorney's fees with a clear sailing provision attached. The Court identified three problems with the proposed settlement, namely: (1) the e-gift certificates effectively constituted coupons because they required Class Members to pay out of their own pocket before they could redeem them, since while the face value of the e-gift certificates was $20, the average price of Defendant's jeans is $205, and no item

was being sold by Defendant for less than $58.80; (2) the *cy pres* award failed to meet the objective of the underlying statute of consumer protection, since the proposed charities do not promote consumer protection, but rather focus on "helping and meeting the needs of women in our society"; and (3) when considered in conjunction with the other provisions of the proposed settlement, the clear sailing provision "created at least a danger of collusion during the settlement negotiations which is not refuted by the record." *Id.* at 9–15. The Court permitted the parties an additional sixty days to file a renewed motion for preliminary approval of class action settlement that cured the deficiencies identified by the Court. *Id.* at 15.

Parties have proposed a new settlement which provides for: (1) one denim tote bag ($128 value) and $20 e-gift certificates for the plaintiff class; (2) $250,000 in *cy pres* awards, to the same charities as proposed in the initial settlement; and (3) up to $175,000.00 in plaintiff's attorney's fees with the same clear sailing provision attached. *See* ECF No. 38, Ex. 1. In other words, the only difference in the new proposed settlement is the addition of the denim tote bag. Parties have not rectified the other deficiencies with the proposed settlement identified by the Court. For instance, with respect to the *cy pres* award, the motion states, "[Defendant] has been made aware of Ninth Circuit legal authority that requires a sufficient nexus between the charitable purpose of the charity and the objectives of the underlying statutes (i.e., consumer protection statutes in this Action) but also notes that its consumer demographic is mostly women." ECF No. 38 at 6. However, this exact argument was considered and rejected by the Court in its previous order. *See* ECF No. 37 at 13 ("The parties argue that the charities benefit the class members because "Defendant has indicated that the recipient of the charitable contribution will be charities that concern women's issues and have a nexus to California. Dutch makes women's jeans . . . . This is consistent with the goal of donating to charities focusing on helping and meeting the needs of women in our society." (Mot. Settl.16:4– 8.) However, Class Members are women who purchased jeans labeled "Made in USA" that contained foreign-made components; not abstract women

without a specific injury. The chosen charities do not promote consumer protection."). Similarly, the clear sailing provision remains unchanged.

Accordingly, the Court **DENIES** the Second Motion for Preliminary Approval of Class Settlement. ECF No. 38. The Court will permit the parties an additional sixty (60) days from the issuance of this Order to file another renewed motion for preliminary approval of class action settlement that cures the deficiencies identified in this Order.

**IT IS SO ORDERED.**

Dated: August 16, 2016

Hon. Gonzalo P. Curiel
United States District Judge