UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONIA HOFMANN, an individual and on behalf of all others similarly situated,<br><br>                              Plaintiff,<br><br>v.<br><br>DUTCH LLC, a California Limited Liability Company; and DOES 1 through 100, inclusive,<br><br>                              Defendant. | Case No.: 3:14-cv-02418-GPC-JLB<br><br>**TENTATIVE ORDER DENYING MOTION FOR PRELIMINARY APPROVAL OF PROPOSED CLASS SETTLEMENT**<br><br>[ECF No. 43] |

Before the Court is Plaintiff's third motion for preliminary approval of the proposed class settlement. Dkt. No. 43-1. Because all parties have agreed to the proposed settlement, Defendant Dutch, LL ("Defendant") does not oppose this motion. Dkt. No. 45. After considering the parties' submissions and arguments, and for the reasons that follow, the Court is tentatively prepared to **DENY** Plaintiff's motion for preliminary approval.

## BACKGROUND

**1. First Motion for Preliminary Approval**

On April 26, 2016, the Court denied Plaintiff's initial motion for preliminary approval of the class settlement. Dkt. No. 37. The initial proposed settlement provided

for: (1) $20 worth of e-gift certificates for each of the class members; (2) $250,000 in *cy pres* awards; and (3) up to $175,000 in plaintiff's attorney's fees with a clear sailing provision attached.[1]

The Court identified three problems with the proposed settlement, namely: (1) that the e-gift certificates effectively constituted coupons because they required class members to pay out of their own pocket before they could redeem them, since while the face value of the e-gift certificates was $20, the average price of Defendant's jeans was – and still is – around $200, and no item was being sold by Defendant for less than $58.80; (2) that the *cy pres* award failed to meet the objective of the underlying statute of consumer protection, since the proposed charities did not promote consumer protection, but rather focused on "helping and meeting the needs of women in our society"; and (3) that, when considered in conjunction with the other provisions of the proposed settlement, the clear sailing provision "created at least a danger of collusion during the settlement negotiations which is not refuted by the record." *Id.* at 9-15.  The Court permitted the parties an additional sixty days to file a renewed motion for preliminary approval of class action settlement that cured the deficiencies identified by the Court. *Id.* at 15.

### 2. Second Motion for Preliminary Approval

On August 16, 2016, the Court denied Plaintiff's second motion for preliminary approval of the class settlement (Dkt. No. 38).  Dkt. No. 41.  For the renewed attempt to propose a settlement, Plaintiff proposed the following: (1) one denim tote bag ($128 retail value) and $20 e-gift certificates for the class members; (2) $250,000 in *cy pres* awards, to the same charities as proposed in the initial settlement; and (3) up to $175,000.00 in Plaintiff's attorney's fees with the same clear sailing provision attached.  *See* Dkt. No. 38, Ex. 1.  In other words, the only difference between the first and second proposed

---

[1] The "clear sailing" provision refers to the agreement between Plaintiff's counsel and Defendants that the Plaintiff's attorney fee award will not exceed a fixed amount.  *See* Dkt. No. 43-1 at 16.

settlement was the addition of the denim tote bag. The Court denied the parties' renewed motion for preliminary approval because it did not cure the deficiencies that the Court has previously identified. Dkt. No. 41 at 2. In particular, the Court emphasized that the second motion did nothing to address the Court's concern that the proposed *cy pres* award did not conform to Ninth Circuit legal authority, which requires a sufficient nexus between the charitable purpose of a charity and the objectives underlying the violated statute. *Id.*

### 3. Third Motion for Preliminary Approval

Plaintiff filed the instant motion for preliminary approval on October 14, 2016. Dkt. No. 43. Here, the proposed settlement consists of (1) a current-Elliot brand tote bag (retail value of $128.00) and electronic gift card codes "redeemable on www.CurrentElliott.com only and loaded with values of multiples of $20.00 corresponding to the number of units of Class Products purchased during the Class Period"; (2) $250,000 in *cy pres* awards to be made over five years; (3) and up to $175,000 in attorney's fees, with the same clear sailing provision. *Id.* at 11-13.

There are two key differences between this proposed settlement and the previous proposal — the first concerns the award for the class and the second concerns the *cy pres* award. First, under the new settlement, members of the class will receive at least $20 in electronic gift card codes, and possibly more depending on the number of units purchased by the class member. Second, here, Plaintiff has modified the proposed *cy pres* award to account for Defendant's intent to donate $200,000 over four years to a scholarship endowment at the consumer science department of a not-for-profit institution of higher education. *Id.* at 12. Although Plaintiffs do not go into any detail regarding the nexus between the scholarship endowment and Defendant's violations of the consumer protection laws, they have provided the court with the URL for the homepage of California State University, Northridge's ("CSUN") consumer science department. *Id.* The mission of CSUN consumer science program is to "enhance and promote consumer wellbeing and empowerment through research, education, and outreach." *See* Consumer

Affairs, http://www.csun.edu/health-human-development/family-consumer-sciences/consumer-affairs (last visited December 16, 2016).  Ultimately, Plaintiffs intend for Defendants to donate $200,000 to a scholarship endowment at a department like the one at CSUN.  Dkt. No. 43 at 12-13.

Plaintiff's current proposed *cy pres* award is different in kind than the previous one proposed.  For the second proposed settlement, Plaintiff stated that the Defendant intended to make $200,000 in donations to "Step Up Women's Network, FIDM Scholarship, Race for the Cure, Juvenile Diabetes Research Foundation and Ability First."  Dkt. No. 38-1 at 9.  None of those organizations had any obvious connection to a consumer rights violation and Plaintiff offered no such connection.  *See id.*  That being said, Plaintiffs' third proposed *cy pres* award is, nonetheless, similar to its predecessor in that it continues to include a $50,000 donation already made, and not approved by the Court, to Step Up Women's Network.  *Id.*

Other similarities between this third proposed settlement and those that came before it give the Court further pause.

For one, the proposed class award still requires class members to purchase items from Current Elliot in order to reap any monetary benefit.  And as the Court has previously noted, because the cost of Defendant's jeans hovers around $200.00, class members would have to spend much more than they would gain by receiving $20, $40, or even $60 gift cards.  That the class members will also receive a free tote bag does not obviate this fact.  Although the tote bag boasts a retail value of $128, it is unlikely that the bag is worth that much, if anything at all, to the class recipients.

Two, the proposed class settlement does not remove the clear sailing provision in Plaintiff's request for attorney's fees.  The continued presence of that provision fortifies the Court's concern that the attorneys have not proposed a settlement with the best interests of the class in mind and invites the Court to continue to apply an exacting standard in analyzing the reasonableness of the settlement terms.

As such, the Court is prepared to **DENY** Plaintiff's Third Motion for Preliminary

Approval of Class Settlement.

## CONCLUSION

Counsel are advised that the Court's rulings are tentative, and the Court will entertain additional argument at the hearing on January 11, 2016.  The parties shall have a combined total of one hour to present their arguments.  The time shall be divided equally between each side, and counsel shall be responsible for keeping time and reserving time as necessary for response, rebuttal, or both.

**IT IS SO ORDERED.**

Dated:  January 10, 2017

Hon. Gonzalo P. Curiel
United States District Judge